IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY ANN RANDALL,

      Plaintiff,

vs.                                No. 1:13-cv-398 CG/LAM

STATE OF NEW MEXICO and
NEW MEXICO PUBLIC DEFENDER,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendants' *Motion to Dismiss Counts I & II of the Amended Complaint (Doc. 24) for Failure to State a Claim Upon Which Relief Can Be Granted and Dismiss Count III for Lack of Subject Matter Jurisdiction* ("Motion to Dismiss"), filed on December 18, 2013, (Doc. 27); *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss* ("Response"), filed January 13, 2014, (Doc. 31); and *Defendants' Reply In Support of their Motion to Dismiss Counts I & II of the Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and Count III for Lack of Subject Matter Jurisdiction* ("Reply"), filed January 24, 2014, (Doc. 35).  After reviewing the briefs, the Court grants in part and denies in part Defendants' Motion to Dismiss.

## I.      Background

In her *Amended Complaint for Employment Discrimination on the Basis of Age and National Origin/Race and Retaliation* ("Complaint"), Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the New Mexico Human Rights Act, N.M. STAT. § 28-1-1 *et seq.* (1969) ("NMHRA"), and the New Mexico

Whistle Blower Protection Act, N.M. STAT. § 10-16C-1 *et seq.* (2010) ("WPA").  (Doc. 24).  Plaintiff began her employment with Defendant in 2004, and worked as an Acting Client Service Agent from December 2005 through her termination in April 2012.  (Doc. 24 at 2-3).  Plaintiff alleges that she was the oldest, and only Hispanic, employee on the Support Staff within the Aztec Public Defender's Office; she also maintains that she was the lowest paid employee in the office.  (Doc. 24 at 2).

According to the Complaint, in late 2009, Plaintiff's Anglo supervisors made racial jokes and comments, creating a hostile work environment.  (Doc. 24 at 2).  Plaintiff alleges that she was required to perform the functions of two positions, but was paid less than her co-workers who performed only one position.  (Doc. 24 at 2).

In late Fall 2011, Plaintiff discovered that a co-worker was stealing funds, and reported the co-worker to her supervisors.  (Doc. 24 at 2).  No action was taken, allegedly because the co-worker was in a romantic relationship with the top official in the Aztec Public Defender's Office.  (Doc. 24 at 2).  Subsequently, Plaintiff informed the Chief Public Defender for the State of New Mexico about the fraud and theft of public funds; after an investigation, the co-worker was terminated.  (Doc. 24 at 3).  Shortly after the co-worker's termination, Plaintiff's supervisor began to reprimand her.  (Doc. 24 at 3).  Before Plaintiff reported her co-worker for fraud, she had never been written up.  (Doc. 24 at 3).  On November 28, 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  (Doc. 24 at 3).  She continued to be disciplined, and two years of her mileage reports were audited.  (Doc. 24 at 3).  In April 2012, Plaintiff was terminated for falsifying her mileage expense reports, conduct that she denies.  (Doc. 24 at 3).

Plaintiff has asserted causes of action for age discrimination in violation of the NMHRA (Count I), national origin/race discrimination in violation of the NMHRA and Title VII (Count II), violation of the WPA (Count III), and retaliation (Count IV).  (Doc. 24 at 3-5).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have moved to dismiss Counts I and II for failure to state a claim.  (Doc. 27 at 4-14).  Defendants have also moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), Count III for lack of subject matter jurisdiction.  (Doc. 27 at 14-23).

## II.   Analysis

### a.  Motion to Dismiss for Failure to State a Claim

#### 1.    Standard

The Federal Rules of Civil Procedure provide that a complaint must contain a "short and plain" statement of (1) the ground supporting the court's jurisdiction; (2) the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a).  A defendant may move the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain allegations of fact that, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted).  While the court must accept as true all

of the allegations in the complaint, the court need not grant the same deference to conclusory statements. *Iqbal*, 556 U.S. at 678. Moreover, "a formulaic recitation of the elements of a cause of action" will not suffice to state a claim. *Twombly*, 550 U.S. at 555. Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

In this case, Plaintiff has alleged that she was discriminated against on the basis of her age, in violation of NMHRA, and on the basis of her race/national origin, in violation of Title VII and NMHRA. Although it is not necessary for Plaintiff to plead facts sufficient to establish a *prima facie* case of discrimination under Title VII, the elements of the stated causes of action are instructive as to whether Plaintiff's Complaint includes factual allegations sufficient to state a claim upon which relief can be granted. *Khalik*, 671 F.3d at 1192

### 2.    *National Origin/Race Discrimination*

In her Complaint, Plaintiff alleges that Defendants discriminated against her in the terms and conditions of her employment, and also by subjecting her to a hostile work environment, by disciplining her unjustly, and by terminating her in violation of both Title VII and NMHRA. (Doc. 24 at 4). In the Motion to Dismiss, Defendants assert that Plaintiff has failed to articulate sufficient facts to support a plausible inference that her national origin/race played a role in the decision to terminate her. (Doc. 27 at 7-14). Defendants also argue that Plaintiff's Complaint does not provide adequate notice as to the nature and extent of the racial discrimination that resulted in a hostile work environment. (Doc. 27 at 11-14).

Under Title VII, it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  The NMHRA forbids employer discrimination based on national origin and race.  N.M. STAT. § 28-1-7(A).  The Supreme Court of New Mexico has used the framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), when analyzing a claim of discrimination in violation of the NMHRA.  *See Juneau v. Intel Corp.,* 127 P.3d 548, 551 (N.M. 2005).

When considering whether a plaintiff has failed to state a claim, a court may apply the *McDonnell Douglas* burden-shifting framework to evaluate whether the plaintiff has alleged a sufficient factual basis to support a plausible inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802-04; *Khalik*, 671 F.3d at 1192.  Under this framework, a plaintiff establishes a *prima facie* case by showing that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class.  *Khalik*, 671 F.3d at 1192.  If the plaintiff has established a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action.  *See Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1307 (10th Cir. 2005).  If the defendant articulates a legitimate, non-discriminatory reason for the employment action, the burden shifts back to the plaintiff to establish that the proffered reason is pretextual. *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005).

Plaintiff maintains that her Complaint contains a sufficient factual basis to support

a *prima facie* case of national origin/race discrimination.  (Doc. 31 at 2-4).  Plaintiff is

Hispanic and therefore, a member of a protected class.  She has also demonstrated

that she suffered adverse employment actions: she was paid less than her co-workers

despite performing two job functions, disciplined by her supervisor, and ultimately

terminated.   It is also possible to infer that Plaintiff was qualified for her job based on

the length of time that she was employed (eight years).  Plaintiff asserts that these

same facts provide a sufficient basis for an inference that she was treated less favorably

than others not in the protected class.  (Doc. 31 at 3).  However, the Complaint contains

no details about Plaintiff's co-workers, such as the number of co-workers she had,

information about their identities, or the kind of job functions that they performed, all of

which are basic facts within her knowledge that would bolster her allegations.  *See*

*Khalik*, 671 F.2d at 1193-94 (finding that a plaintiff could have included in her complaint

additional facts that were within her knowledge to meet the *Twombley/Iqbal* standard).

   Overall, a close reading of Plaintiff's Complaint raises questions about the facts

or allegations that are missing.  Most prominently, Plaintiff did not include a single

statement explicitly linking her national origin/race to the adverse employment actions

that she suffered.  Her only attempt at linking the discrimination to her membership in a

protected class is a statement alleging that "Defendant has discriminated against

Plaintiff in the terms and conditions of her employment on the basis of her **disabilities**

in violation the Title VII and the New Mexico Human Rights Act."  (Doc. 24 at 4)

(emphasis added).  Although the Court speculates that Plaintiff intended to write

"national origin/race" instead of "disabilities," even that statement would have been

wholly conclusory and insufficient to state a plausible claim.

Plaintiff's claim of discrimination on the basis of her national origin/race relies only on her allegations that she was the only Hispanic employee, that she was paid less for doing more work than her co-workers, and that in late 2009, one point during her eight-year employment, her Anglo supervisors (that she did not identify) made racial jokes and comments.  Plaintiff has not given any indication of the substance of these jokes or comments, described the frequency with which they were made, or provided any details regarding the context in which these jokes or comments were made.  Plaintiff has not even specified that she heard the jokes and comments.  At least some additional factual allegations would have helped nudge Plaintiff's claims "across the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680.  Based on Plaintiff's failure to provide additional details, the Court finds that her Complaint reads more like a formulaic recitation of the elements of a discrimination claim than a plausible cause of action.

Defendants also argue that Plaintiff's claim that she was subjected to a hostile workplace lacks plausibility in that she has failed to allege that the office was "permeated" with racial joking or comments.  (Doc. 35 at 2).  Defendants correctly assert that an individual who is subject to a racially hostile or abusive work environment may bring a cause of action pursuant to Title VII, provided that the conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Bolden v. PRC Inc.*, 43 F.3d 545, 550-51 (10th Cir. 1994) (internal quotations and alterations omitted).

Here, Plaintiff alleged that in late 2009, she was subjected to a hostile work environment that consisted of racial jokes and comments by her supervisors.  She does not state that this happened repeatedly, or that it was sufficiently severe as to alter the

conditions of her employment, so there is no support for an inference that this was pervasive conduct.  Although Plaintiff also argues that her allegations that she was underpaid and assigned extra work are part of her hostile work environment claim, she fails to link these facts to her national origin/race.  Essentially, Plaintiff has asked the Court to infer that a hostile workplace existed based on the fact that she was the only Hispanic employee, her supervisors made racial comments on one occasion, and she was underpaid.  Without more, these facts do not supper Plaintiff's claim.

For the foregoing reasons, Plaintiff's claim that she was discriminated against on the basis of her national origin/race and subjected to a hostile work environment is dismissed without prejudice.[1]

### 3.     Age Discrimination

Plaintiff alleges that she was discriminated against on the basis of her age in violation of NMHRA.  (Doc. 24 at 3-4).  She contends that she was discriminated against in the terms and conditions of her employment and because Defendants subjected her to a hostile work environment, by disciplining her unjustly, and by terminating her.  (Doc. 24 at 3-4).  Defendants counter that she has not provided a sufficient factual basis to support her claim, specifically because the facts do not offer a plausible link between her membership in a protected class and the adverse employment action.  (Doc. 27 at 7-11).

The NMHRA forbids employer discrimination based on age.  N.M. STAT. § 28-1-7(A).  As explained above, the Supreme Court of New Mexico has used the framework developed in *McDonnell Douglas* when considering a claim of discrimination in violation

---

[1] Plaintiff's Response does not contain a request for leave to amend the Complaint.  Thus, the Court does not consider whether leave to amend should be granted.

of NMHRA. *Juneau*, 127 P.3d at 551. As the framework applies to an age discrimination claim, to set forth a *prima facie* case of discrimination, the plaintiff must prove that: "(1) the affected employee was within the protected age group; (2) he was doing satisfactory work; (3) he was discharged despite the adequacy of this work; and (4) a younger person replaced him." *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 558 (10th Cir. 1996).[2]

Although Plaintiff has adequately demonstrated the first three elements of a *prima facie* claim of age discrimination, she has not alleged that she was replaced by a younger person. Moreover, Plaintiff has provided no factual support for her claim that she was discriminated against on the basis of her age. Her claim is based only on her statement that she was the oldest employee in the office; Plaintiff has not offered even a conclusory statement that she was assigned more work or paid less on the basis of her age. Therefore, Plaintiff's claim for age discrimination is dismissed. As with her claim for discrimination on the basis of national origin/race, Plaintiff has not requested leave to amend and the Court does not consider whether that is appropriate.

### b. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

#### 1. *Standard*

Federal courts have limited jurisdiction and a defendant may challenge the court's subject matter jurisdiction over the claim by filing a motion. FED. R. CIV. P. 12(b)(1). A plaintiff's failure to exhaust her administrative remedies implicates the jurisdiction of the court because, under the doctrine of exhaustion of administrative

---

[2] *Greene* involves a claim of age discrimination brought under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623 (1967). As set out in *Greene*, claims brought under ADEA are frequently analyzed using the *McDonnell Douglas* framework, which is also endorsed by the New Mexico Supreme Court as useful in evaluating claims brought pursuant to NMHRA. Thus, the Court finds it appropriate to rely on the *McDonnell Douglas* framework to assess the sufficiency of Plaintiff's allegations.

remedies provides, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (internal quotations and citations omitted). "Perhaps the most common application of the exhaustion doctrine is in cases where the relevant statute provides that certain administrative procedures shall be exclusive," although the doctrine can be applied where the statutory requirement of exclusivity is not explicit. *Id.*

2.      <u>*The WPA Does Not Contain an Exhaustion Requirement*</u>

Defendants argue that Plaintiff was required to exhaust the administrative remedies established in the Personnel Act, N.M. STAT. § 10-9-1 *et seq.* (1961), before filing her WPA claim.  (Doc. 27 at 14-23).  Consequently, they assert that the Court does not have subject matter jurisdiction over Plaintiff's WPA claim.  (Doc. 27 at 14-23). Plaintiff argues that she was not required to exhaust any administrative remedies under the Personnel Act before filing her WPA claim.  (Doc. 31 at 5-7).

Enacted on May 19, 2010, the WPA prohibits a public employer from taking retaliatory action against a public employee who "communicates to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act."  N.M. STAT. § 10-16C-3(A).  The WPA provides a right to civil action for damages where a public employer violates the provisions of the Act.  N.M. STAT. § 10-16C-4.

A public employer who violates the WPA is liable to the public employee

for actual damages, reinstatement with the same seniority status that the employee would have had but for the violation, two times the amount of back pay with interest on the back pay and compensation for any special damage sustained as a result of the violation.  In addition, an employer

10

shall be required to pay the litigation costs and reasonable attorney fees of
the employee.

N.M. STAT. § 10-16C-4(A).  The WPA specifically states that an employee "may bring an

action pursuant to this section in any court of competent jurisdiction."  *Id.*  The remedies

outlined in the WPA are not exclusive and "shall be in addition to any other remedies

provided for in any other law or available under common law."  N.M. STAT. § 10-16C-

4(C).

The purpose of the State of New Mexico's Personnel Act is "to establish . . . a

system of personnel administration based solely on qualification and ability, which will

provide greater economy and efficiency in the management of state affairs."  N.M. STAT.

§ 10-9-2.  The provisions of the Personnel Act apply to individuals employed by state

agencies, with certain enumerated exceptions.  N.M. STAT. § 10-9-4.

A terminated employee may file an appeal with the Personnel Board within thirty

days.  N.M. STAT. § 10-9-18(A).  If, after a hearing, the Personnel Board finds that the

employee was dismissed without just cause, "the board may modify the disciplinary

action or order the agency to reinstate the appealing employee to the employee's

former position or to a position of like status and pay."  N.M. STAT. § 10-9-18(F).  The

Personnel Board may award back pay as of the date of the dismissal or as of a later

date.  *Id.*  An employee who successfully appeals a dismissal may be placed in a

different geographic location or reinstated by a different agency.  *Id.*  The decision of the

Personnel Board may be appealed to the district court.  N.M. STAT. § 10-9-18(G).

Defendants argue that, as a public employee covered by the Personnel Act,

Plaintiff was required to appeal her termination to the Personnel Board before filing her

WPA claim in this Court, even though the WPA does not contain a provision requiring

an employee to exhaust her administrative remedies.  (Doc. 27 at 14-23).  Plaintiff counters that she can bring a claim under the WPA as a "stand alone cause of action" and that any interpretation of the WPA that contains such a requirement would be rewriting the law.  (Doc. 31 at 5-7).

When determining the meaning of a law, the Court first looks to the plain language of the statute.  *Janet v. Marshall*, 296 P.3d 1253, 1255 (N.M. Ct. App. 2012). The Court starts "with the assumption that the legislative purpose is reflected by the ordinary meaning of the language used in the statute," and the literal language of the statute controls its interpretation absent ambiguity or irrational result.  *Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th Cir. 1986).

In this case, the language of the WPA provides that a public employee with the right to a civil action for damages when her employer violates the WPA.  The statute contains no explicit requirement that a plaintiff first exhaust her administrative remedies, and specifically allows for an employee to bring an action "in any court of competent jurisdiction."  N.M. STAT. § 10-16C-4(A).  The plain language of the WPA strongly supports Plaintiff's position that she was not required to appeal her termination to the Personnel Board before filing her claim under the WPA.

Notwithstanding the plain language of the statute, Defendants argue that the WPA must be read in conjunction with the Personnel Act, under which covered public employees are required to exhaust their administrative remedies before filing any cause of action related to their termination in court.  They point to *Barreras v. State Corr. Dep't.*, 62 P.3d 770, 775 (N.M. Ct. App. 2002), in support of their argument.  In that case, the plaintiffs filed a complaint in district court for breach of contract, with the

12

substance of their claim based on the rights given to state employees by the Personnel Act.  *Barreras*, 62 P.3d at 772.  The New Mexico Court of Appeals held that "when an employee's contractual claim arises from the State Personnel Act, as well as attendant rules, regulations, and agency personnel policies, the employee's remedies are limited to those set forth in the State Personnel Act."  *Id*.  Here, Plaintiff has not alleged that her termination was a breach of contract arising from the Personnel Act, she has alleged a violation of her statutory rights under the WPA.  Thus, the Court is not persuaded that the holding in *Barreras* is binding under the circumstances in this case.

Defendants characterize Plaintiff's claim under the WPA as one of retaliatory discharge, and point out that, in *Barreras*, state employees were not permitted to bring claims of retaliatory discharge because such claims were covered by the "just cause" provision of the Personnel Act.  (Doc. 27 at 19; Doc. 35 at 3-4).  Defendants contend that "with the enactment of the WPA, the New Mexico Legislature made explicit the whistleblower protections that were already implicitly guaranteed under the 'just cause' provisions" of the Personnel Act.  (Doc. 27 at 19).  They offer no explanation as to why the Legislature would feel compelled to pass a statute that's primary functions appears to be making explicit protections that already exist.

Defendants fail to expound upon how the different damages provisions of the two statutes should be reconciled.  Under the Personnel Act, a state employee who has successfully appealed her retaliatory discharge to the State Personnel Board can be awarded, at the most, reinstatement and back pay.  N.M. STAT. § 10-9-18(F).  In contrast, the WPA provides two times the amount of back pay with interest, compensation for any special damages, and a losing employer would be required to pay

the litigation costs and attorney fees for the employee.  N.M. STAT. § 10-16C-4(A).

Notably, the Legislature has not modified the Personnel Act to allow the Personnel

Board to award a whistleblower these increased damages.  If a whistleblower were

required to appeal her termination to the Personnel Board before proceeding to court,

she would be in the position of having to accept reinstatement and the back pay granted

by the Personnel Board, or hope that her appeal was denied so that she could appeal

the Personnel Board's decision in a court that could award her the damages allowed for

under the WPA.  The Court is not persuaded that the Legislature intended to create

such a convoluted process.  The more straightforward interpretation is that the

Legislature enacted the WPA to grant special protection to whistleblowers in the form of

a right to a civil action and the result is that these individuals are exempt from the

appeals process laid out in the Personnel Act.

    Defendants argue that such an exception for whistleblowers results in the implied

repeal of part of the Personnel Act.  (Doc. 27 at 19-21).  They assert that implied

repeals are disfavored, particularly where two laws are capable of coexistence.  (Doc.

27 at 19) (citing *Morton v. Mancari*, 417 U.S. 535, 551 (1974)).  Defendants contend

that it is possible to give full effect to both statutes by requiring public employees who

claim whistleblower status to exhaust their administrative remedies under the Personnel

Act before filing a district court claim under the WPA.  (Doc. 27 at 21).  However, as

demonstrated above, the interpretation of the WPA favored by Defendants would result

in a "repeal" of the provisions of the Personnel Act that cover the damages that a state

employee could be awarded.  If Defendants' argument was correct, the only possible

way to award a whistleblower the full amount of damages allowed for under the WPA is

to assume that the Personnel Board has the authority to do so, which is a change to the provisions of the Personnel Act.  Certainly Defendants are not advocating that the Court modify these provisions when the Legislature chose not to do so.  In fact, the Court presumes that the Legislature was aware of the Personnel Act when it passed the WPA, and infers from its failure to amend, or even refer to, the Personnel Act, that it intended to grant whistleblowers the right to a civil action without requiring prior exhaustion of their administrative remedies.  *See Benavidez v. Sierra Blanca Motors*, 922 P.2d 1205, 1209 (N.M. 1996) ("We presume that the Legislature is well informed regarding the existing statutory and common law and does not intend to enact a nullity.  We also presume that the Legislature intends to change existing law when it enacts a new statute").

The Legislature's awareness of the provisions of the Personnel Act and the meaning of the WPA are supported by statements contains in a Fiscal Impact Report ("FIR") prepared by the Legislative Finance Committee.  *See* New Mexico Legislative Finance Committee, *Fiscal Impact Report on House Bill 165*, (Feb. 9, 2010), *available at* http://www.nmlegis.gov/lcs/legislation.  The report on the fiscal impact of the WPA states that the Department of Transportation offered input in which it stated that "the proposed act provides public employees with a separate avenue of redress" that might result in administrative proceedings and a court proceeding.  FIR at 2.  The Department of Transportation specifically mentioned the possibility of an agency needing two separate defense attorneys for separate actions.  FIR at 2.  The State Personnel Office pointed out that the WPA provides for "a higher standard of liability than currently exists for public employers."  FIR at 4.

Finally, Defendants assert that there is an absence of evidence that the Legislature "clearly and manifestly intended to change settled law in the area of whistleblower protection." (Doc. 27 at 21). As addressed above, the Court finds that the enactment of a specific law that protected public employees who acted as whistleblowers, provided more damages, and specifically includes a section addressing the right to a civil action for damages is an example of a clear and manifest intent to change the law. *See Benavidez*, 922 P.2d at 1209.. Therefore, the Court finds that Defendants' Motion to Dismiss Plaintiff's WPA claim for lack of subject matter jurisdiction is denied.

## III.    Conclusion

For the reasons discussed above, the Court **FINDS** that Defendants' *Motion to Dismiss Counts I & II of the Amended Complaint (Doc. 24) for Failure to State a Claim Upon Which Relief Can Be Granted and Dismiss Count III for Lack of Subject Matter Jurisdiction*, (Doc. 27), be **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that:

a. Defendants' Motion to Dismiss Counts I and II Pursuant to Fed. R. Civ. P. 12(b)(6) is granted;

b. Counts I (Age Discrimination) and II (National Origin/Race Discrimination) of Plaintiff's Complaint are dismissed without prejudice; and

c. Defendants' Motion to Dismiss Count III Pursuant to Fed. R. Civ. P. 12(b)(1) is denied with prejudice.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE